```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 5, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAMADOU HAFIZ JALLOW,

      Plaintiff,

  - against -

OFFICE OF COURT ADMINISTRATION (OCA)
and DISTRICT 37 LOCAL 1070,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10 Civ. 8575 (PAC) (FM)

**CORRECTED ORDER
ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:[*]

 Plaintiff Mamadou Hafiz Jallow ("Jallow") brings this action against his former employer, the New York Unified Court System Office of Court Administration ("OCA"), and his union, District Council 37, Local 1070 ("DC 37"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101, et seq. ("NYCHRL"). (Compl. 1, ECF No. 2.) Jallow, a former court interpreter, alleges OCA required that he and others take a new proficiency examination and then wrongfully terminated him after he failed to pass, while Spanish interpreters were not required to take the new exam. (Id. ¶ II.) Defendants moved to dismiss the Complaint on various grounds, and on December 27, 2011,[1] Magistrate Judge Frank Maas issued a Report and Recommendation that Defendants' motions be granted, and particularly that Jallow's Title VII claims be dismissed for failure to produce any evidence that Jallow filed a

---

[*] This Order has been reissued to correct an error in the September 26, 2012 Order Adopting Report and Recommendation. The Court misspelled Magistrate Judge Maas's name in the September 26, 2012 Order as "Mass." The Court apologizes to Magistrate Judge Maas for its error.

[1] Prior orders and recommendations in this matter incorrectly refer to a November 27, 2011 Report and Recommendation. (See ECF Nos. 25, 37.)

timely charge with the Equal Employment Opportunity Commission ("EEOC") or received a right-to-sue letter from the EEOC before initiating this suit. (See ECF No. 21.) Subsequently, Jallow's newly engaged counsel produced a copy of an intake questionnaire that Jallow had previously submitted to the EEOC, and the Court referred the additional material to Magistrate Judge Maas for a supplemental Report and Recommendation (see ECF No. 25), which Magistrate Judge Maas issued on September 4, 2012 (see ECF No. 37) (the "R&R").[2]

In his September 4, 2012 R&R, Magistrate Judge Maas recommended that OCA's motion to dismiss be granted in part and denied in part, and that DC 37's motion to dismiss be granted in its entirety. (R&R at 7–22.) The parties had fourteen days in which to file objections, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), but have not done so. For the reasons set forth herein, the Court adopts in full the September 4, 2012 R&R.

## DISCUSSION

### A. Standard of Review

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted).

### B. Subject Matter Jurisdiction

Magistrate Judge Maas concluded that the Court does not have subject matter jurisdiction over Jallow's NYSHRL and NYCHRL claims against OCA because OCA has Eleventh Amendment sovereign immunity to such suits in federal court. (R&R at 9-11.) See Tuckett v.

---

[2] A more complete explanation of the procedural history of the motions at issue is contained in the supplemental R&R. (See R&R at 2-7.)

2

New York State Dep't of Taxation & Fin., No. 99 Civ. 0679 (BSJ), 2000 WL 1028662, at *2 (S.D.N.Y. July 26, 2000); Leiman v. New York, No. 98 Civ. 5538 (MHD), 2000 WL 1364365, at *7 (S.D.N.Y. Sept. 21, 2000). The Court finds no clear error with this recommendation, and grants OCA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) as to Plaintiff's NYSHRL and NYCHRL claims.

## C. Exhaustion

For the reasons set forth in the carefully considered September 4, 2012 R&R, Magistrate Judge Maas further concluded that Jallow's Title VII claims for discrimination on the basis of national origin, color, and race were properly filed following the exhaustion of his administration remedies, holding that the intake questionnaire Jallow submitted to the EEOC satisfied the statutory and regulatory requirements for filing a Title VII suit. (R&R at 11–17.) See 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); Fed. Express Corp. v. Holowecki, 552 U.S. 389 (2008). However, Magistrate Judge Maas concluded that Jallow had not exhausted his administrative remedies with respect to his religious discrimination claim because he did not indicate such discrimination on his intake questionnaire. (R&R at 17–18.) The Court finds no clear error with these recommendations and dismisses Jallow's Title VII claim for discrimination on the basis of religion.

## D. Prima Facie Showing of Discrimination

Magistrate Judge Maas also concluded that Jallow can sustain his Title VII claim for discrimination on the basis of national origin because, construing his complaint liberally and assuming facts asserted to be true, (1) he is a member of protected class, (2) he is qualified for the position sought, (3) he was terminated, and (4) the circumstances of his termination give rise to an inference that he was discriminated against because he is non-Hispanic. (Id. at 18–19.)

3

See Ghosh v. N.Y.C. Dep't of Health, 413 F. Supp. 2d 322, 332 (S.D.N.Y. 2006). However, Magistrate Judge Maas found that Jallow failed to make out a prima facie case of discrimination on the basis of race or color because interpreters of several different races and ethnicities were included in the group terminated by OCA. (Id. at 18–19.) The Court finds no clear error with these recommendations and dismisses Jallow's Title VII claims for discrimination on the basis of race and color.

Finally, Magistrate Judge Maas noted that Jallow presented no facts as to DC 37's action or lack of action and so failed to make out a prima facie case for his Title VII, NYSHRL, and NYCHRL claims against DC 37. (R&R at 20–22.) The Court finds no clear error with these recommendations and dismisses Jallow's claims against DC 37.

## CONCLUSION

The Court finds no clear error in Magistrate Judge Maas' September 4, 2012 R&R and adopts it in its entirety. The Court DENIES OCA's motion to dismiss the Title VII claim for discrimination on the basis of national origin and GRANTS the remainder of Defendants' motions to dismiss. The reference to Magistrate Judge Maas continues with respect to the Title VII claim for discrimination on the basis of national origin.

Dated: New York, New York
October 5, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

4